IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS TORRENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00434 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| BONNIE JACKS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the Court is a *pro se* complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Douglas Torrens, a pretrial detainee in the custody of the Humphreys County Jail in Waverly, Tennessee. Plaintiff has also filed an application to proceed *in forma pauperis* (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. The complaint is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**INITIAL REVIEW OF THE COMPLAINT**

I.  PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review

of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

For purposes of the initial screening, the Court will except as true all allegations in the following paragraph.

Upon his intake at the Humphreys County Jail in November 2018, Plaintiff was given a physical (examination) during which he reported to Nurse Jacks that he had broken his wrist at some point prior to being sent to jail. (Doc. No. 1 at 4–5.) Nurse Jacks is employed by Southern Health Care Partners, the medical services contractor for the Jail. (*Id.* at 4.) Nurse Jacks ordered x-rays which confirmed a broken bone in Plaintiff's "arm/wrist/hand area," but no treatment was offered to him. (*Id.*) Nurse Jacks told Plaintiff that "if [he] had money to pay or insurance she would send [him] out for treatment, but that they would not pay for it." (*Id.* at 5.) This statement by Nurse Jacks is also referenced in Plaintiff's grievance over the lack of treatment,[1] in which he additionally states that Nurse Jacks refused to order treatment by an outside physician "since [the injury] is preexisting." (*Id.* at 15.) In response to Plaintiff's grievance, the Jail Administrator requested that Plaintiff be allowed to see the physician when he comes in, but Nurse Jacks refused. (*Id.* at 7, 15.)

Plaintiff alleges that his injury seemed to worsen due to not being in a cast, that he suffered undue pain and concern, and that "to this day [his wrist] is not right."[2] (*Id.*) He asks the Court to

---

[1] In screening a complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court may consider grievances attached to the complaint. *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

[2] Plaintiff's complaint was filed in May 2019.

3

order Defendants to send him to an orthopedic physician to review his injury and make a decision on treatment, and seeks an award of unspecified punitive damages. (*Id.*)

IV.  ANALYSIS

As an initial matter, Plaintiff fails to state a viable claim against the Humphreys County Jail and Sheriff Davis. The Jail is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." *Tucker v. Salandy*, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017). Moreover, in suing Sheriff Davis in his official capacity only,[3] Plaintiff has effectively sued his employer, Humphreys County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). While Humphreys County is a proper defendant under Section 1983, municipal liability may be established only if Plaintiff's harm was caused by the execution of a county policy. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (to hold municipality liable, plaintiff must allege a direct causal link between a policy or custom of the municipality and the alleged constitutional

---

[3]  Plaintiff specifies that Sheriff Davis is sued in his official, rather than individual, capacity. (Doc. No. 1 at 2.) He subsequently alleges that Davis is sued because the Jail is under his control (*id.* at 4), but such a claim of *respondeat superior* liability cannot be pursued under Section 1983. *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982) ("The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees. Without more, such a theory would allow liability on a respondeat superior basis-a basis expressly rejected by the Supreme Court[.]").

violation). Plaintiff does not attribute the alleged failure to treat his broken wrist to any Humphreys County policy.

However, in suing Defendant Jacks in her official capacity, and in directly suing her employer, Southern Health Care Partners (Doc. No. 1 at 4), Plaintiff has properly sued a corporate entity that performs the traditional state function of providing medical care to inmates. *Galloway v. Swanson*, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28, 2012), *aff'd sub nom. Galloway v. Anuszkiewicz*, 518 F. App'x 330 (6th Cir. 2013) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself."); *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). In order to state a plausible claim to relief against these defendants, Plaintiff must allege a constitutional violation caused by the execution of a corporate custom or policy. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Pretrial detainees such as Plaintiff are protected from punishment by the Fourteenth Amendment's Due Process Clause, *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016), under which they have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners. *Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005). "Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). "For this reason, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," *id.*, whether the prisoner is a convict proceeding under the Eighth Amendment or a detainee proceeding under the Fourteenth Amendment.

A claim of deliberate indifference to a prisoner's medical needs has both an objective and subjective component. *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging a medical need that was "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

For purposes of this initial review, the Court finds that a broken bone in the hand or wrist presents a sufficiently serious medical need. *See Small v. Clements*, No. 3:18-cv-1731 (KAD), 2018 WL 5634942, at *3 (D. Conn. Oct. 31, 2018) ("While courts generally hold that a broken finger is not serious, broken bones in the hand are considered serious medical needs.") (citing cases). Moreover, Plaintiff clearly alleges that Nurse Jacks disregarded a known need for treatment when she confirmed the presence of a broken bone in his hand or wrist on x-ray and recognized that treatment by an outside physician would be appropriate, but declined to send him for such treatment because "they would not pay for it" since he sustained the injury prior to arriving at the Jail, and because he could not otherwise afford it. Nurse Jacks is further alleged to have disregarded the Jail Administrator's instructions to schedule Plaintiff for a visit with the physician at the Jail. Finally, liberally construing the complaint and viewing its allegations in the light most favorable to Plaintiff, the Court finds for purposes of this initial review that a Southern Health Care Partners policy of refusing to provide hospital treatment for preexisting injuries, and a causal link between

6

Nurse Jacks's execution of that policy and Plaintiff's harm, is sufficiently alleged. The deliberate indifference claim against Nurse Jacks (in her official capacity only)[4] and Southern Health Care Partners will thus be allowed to proceed.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the complaint states a colorable constitutional claim. The case therefore survives initial screening and will be allowed to proceed for further development.

An appropriate Order will enter.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] The Court leaves for another day the issue of whether the presence of Southern Health Care Partners as a defendant in this lawsuit renders redundant the presence of Nurse Jacks as a defendant in her official capacity such that she should be dismissed.